In the Matter of the Construction of the Will of LAURA H. WARRINER, Deceased.

Surrogate's Court, Suffolk County, March 3, 1954.

*Alexander W. Kramer* for Ralph B. Spencer and another, petitioners.

*George W. Hildreth* for Division of Foreign Missions of Board of Missions of the Methodist Church.

*Robbins, Wells & Walser* for Helen H. Small and another.

HAZLETON, S. A construction is sought with respect to paragraph "NINTH" of the will of the testatrix in which she bequeaths one of two equal parts of the proceeds of the sale of real property "to the Division of Foreign Missions of the Board of Missions of the Methodist Church * * * on the condition, however, that the aforementioned Division of Foreign Missions execute a Gift Annuity Agreement to and for the lifetime benefit of Laura Warriner Thomas, niece of my deceased husband".

However, the niece, for whose benefit the annuity agreement was to have been executed having predeceased the testatrix, this question is presented: Is the bequest to the Division of Foreign Missions valid, or does it lapse by virtue of the impossibility of performance of the condition?

The answer lies in learning the intention of the testatrix as spelled out from the words of the bequest and the context of her will. This intention of deceased is decisive and once discernable all else must melt in its light.

It is urged by the two distributees who oppose the validity of the bequest to the Division of Foreign Missions that the motive for the bequest was primarily to insure the payment of the annuity benefits to the niece, Laura Warriner Thomas, during her lifetime, and since said niece died prior to the death of the testatrix, there was no longer a need to carry out this alleged motive and hence the legacy to the Division of Foreign Missions lapsed. In other words, the bequest to the Division of Foreign Missions was entirely incidental to the primary purpose of providing for the support of the niece and for that reason the condition expressed in the will was imposed. The condition being impossible of fulfillment, then, it is argued, the incidental gift fails.

I cannot agree that the words employed by the testatrix support this contention. While it is true that the testatrix intended to provide by way of the annuity agreement mentioned in the will, for the support of the niece, it is equally true that her words indicate an intent to make a bequest to the Division of Foreign Missions. It appears to me that both provisions are of equal import and one cannot be said to be incidental to the other. If we say that the testatrix intended to provide for the support of the niece, with equal force we must say that the testatrix also intended a bequest to the charity. If the former were the primary purpose and the latter incidental, how easily the testatrix could have provided for a gift over should the niece predecease her, as actually happened. Furthermore, the fact that testatrix does so provide in the same " NINTH " paragraph with respect to the disposition of the other half of the proceeds of the sale of the real property indicates that here there was no oversight but rather a deliberate intent to give to the Division of Foreign Missions, *in any event*.

Assuming the niece had died within a few days or weeks after the annuity agreement was made, unquestionably the gift to the Division of Foreign Missions would be valid and enforcible. Hence, the time of death of the niece is not important; what

is important is that she receive the benefit of the annuity agreement during her lifetime, and her decease prior to that of the testatrix obviated the need for such annuity as well as the condition attached to the gift. In the light of these circumstances, it seems quite clear that the gift was not limited by the performance of a condition which became impossible of performance; on the contrary, the gift was intended to operate with or without the annuity provision depending on whether or not the niece remained alive. (*Matter of Gerity* 248 App. Div. 903.)

It follows that the bequest to the Division of Foreign Missions is a valid disposition under the will and passes to said legatee. Submit decree accordingly on notice.